UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN D. ROSS,<br><br>            Plaintiff,<br><br>    vs.<br><br>B. WOODWARD, et al.,<br><br>            Defendants. | 1:13-cv-01703-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 12.)<br><br>ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.    BACKGROUND**

Lynn Dell Ross ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on October 23, 2013.  (Doc. 1.)  On October 30, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 4.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on March 17, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 11.)  On April 7, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 12.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

///

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Valley State Prison for Men in Chowchilla, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Barbara Woodward (Nurse Practitioner) and N. Malakkla (Chief Physician and Surgeon) ("Defendants"). Defendants were employed by the CDCR at the time of the events at issue. Plaintiff's factual allegations follow.

On or about July 3, 2013, Plaintiff reported to the Facility D Clinic complaining of excruciating pain because of his ventral hernia. Plaintiff was in so much pain that he lay balled up in a fetal position due to the pain, in front of the clinic. Defendant Nurse Practitioner Woodward would not take any action. Defendant Dr. Malakka was notified of the emergency and summoned by the prison alert system. Plaintiff lay in front of the clinic for over an hour, suffering pain and humiliation as defendant Woodward and other medical staff told Plaintiff, "There is nothing we can do for you, as we do not believe anything is wrong with you!" (First Amended Complaint (FAC), Doc. 12 at 5:26-28.)

On August 13, 2013, Plaintiff was interviewed by defendant Woodward regarding an administrative appeal Plaintiff had filed regarding a request for transfer and Plaintiff's need for a change in medication to relieve his pain because the prescribed medication known as a "G.I. Cocktail" (Gastrinal Intestine Cocktail) was not working. Defendant Woodward was aware of Plaintiff's ongoing painful episodes due to the ventral hernia. She told Plaintiff she was not going to change the medication and he just has to deal with the pain. Plaintiff told defendant Woodward that his excruciating pain prevents him from sleeping, walking, and concentrating, and he needs a different pain medication. Woodward told Plaintiff that she was not concerned, because Plaintiff always complains about pain. She knew the "G.I. Cocktail" was not adequately relieving Plaintiff's pain, but refused to do anything.

On or about August 27, 2013, defendant Dr. Malakka signed off on the appeal, agreeing with defendant Woodward's determination, refusing to address Plaintiff's pain. Defendants

///

knew or should have known that Plaintiff faced a substantial risk of future serious harm, and they disregarded that risk.

Plaintiff suffers pain, humiliation, degradation, emotional stress, duress, mental anguish, and embarrassment. Plaintiff seeks monetary damages.

## IV.  PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by

the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chosen was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Here, Plaintiff alleges that he suffered excruciating pain due to a ventral hernia.  This allegation is sufficient to meet the objective serious harm standard.  However, Plaintiff fails to allege facts demonstrating that defendants Woodward and Malakkla treated him with deliberate indifference.  Plaintiff's own allegations indicate that defendant Woodward did not believe Plaintiff was in pain or that anything was wrong with Plaintiff.  As to defendant Malakkla, Plaintiff only alleges that Malakkla was summoned for help when Plaintiff was lying on the

floor in pain, and he later addressed Plaintiff's administrative appeal. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). Because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett, 439 F.3d at 1098, there may be limited circumstances in which those involved in reviewing an administrative appeal can be held liable under section 1983, but that circumstance has not been presented here. Plaintiff has not alleged facts showing that Dr. Malakkla acted, or failed to act, while knowingly disregarding a substantial risk of serious harm to Plaintiff's health.[1] The mere existence of an administrative appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

## V.    CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1.  This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted;

///

///

---

[1] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

2. This dismissal counts as a STRIKE pursuant to 28 U.S.C. § 1915(g); and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __**March 11, 2015**__           _____**/s/ Gary S. Austin**_
                                                    UNITED STATES MAGISTRATE JUDGE